IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EVANS, JR.,

    Plaintiff,

v.

CALIFORNIA SUPREME COURT CHIEF JUSTICE GEORGE, et al.,

    Defendants.

No. C 10-4778 SBA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. 1983 against California Supreme Court Chief Justice George, Justices Kennard, Baxter, Werdegar, Chin, Moreno and Corrigan, as well as Chief Clerk Ohlrich. Plaintiff states:

> On (1-21-07), the U.S. Supreme Court invalidated Ca[lifornia]'s sentencing procedure for failing to comply with the requirements of the Sixth Amendment. At the time of this mandate, Plaintiff was on "direct appeal" with the exact same legal claim. In the Court of Appeals, Sixth Appellate District, in light of the original U.S.S.C. Mandate, the Sixth Appellate Dist. "vacated and remanded" Plaintiff's sentence back to the trial court for a (new) re-sentencing. On (8-27-08), the (Justices) of the Ca[lifornia] Supreme Court violated "clearly established federal law(s)" when (they) administratively circumvented (both mandates). Therefore, depriving Plaintiff of his clearly established constitutional rights under the 5th, 6th, 8th and 14th Amendments.

(Compl. at 3.) Though not entirely clear, Plaintiff appears to argue that the aforementioned Defendants violated his constitutional rights when they issued the August 27, 2008 decision. Plaintiff does not attach a copy of the state supreme court's August 27, 2008 decision, instead he attaches a copy of the court's docket for Plaintiff's California Supreme Court Case no. S153757, which includes the following notes pertaining to the August 27, 2008 decision:

> Transferred to CA 6 after hold. Each of the above-entitled matters is transferred to the originating Court of Appeal with directions to vacate its decision and reconsider the cause in light of People v. Towne (2008) 44 Cal.4th 63. (Cal. Rules of Ct., rule 8.528 (d).) Votes: George, C.J., Kennard, Baxter, Werdegar, Chin, Moreno and Corrigan, JJ.

(Compl., Ex. 4, "Supreme Court of California Docket Listing" in Case no. S153757 at 2.)  Also attached is the state appeallate court's October 17, 2008 decision on Plaintiff's matter that was transferred from the state supreme court, which states:  "This matter has been transferred to us from the Supreme Court (S153757) with directions to vacate our previous decisions (*People v. Evans* (May 30, 2007) H029616 [nonpub. opn.]) and to reconsider the cause in light of *People v. Towne* (2008) 44 Cal.4th 63 (*Towne*)."  (Compl., Ex. 4, California Appellate Court's Decision in Case no. H029616 at 1.)  The state appellate court added in a footnote, "In this opinion, we reconsider only the issue of the upper term sentence and the impact of *Towne*.  We reiterate our discussion of all the other issues, however, because the Supreme Court's order directed us to vacate our earlier opinion."  (Id.)  The state appellate court affirmed the judgment.  (Id. at 19.)

As relief, Plaintiff seeks the following: "Money damages in the relief of $500 a day for compensatory and punitive damages from each justice in their individual capacities [f]or violating clearly established constitutional rights.  Injunctive relief: immediately be removed from unlawful CDC&R custody/jurisdiction.  Plaintiff asserts he is [in] the lawful custody of Santa Clara County."  (Compl. at 4.)

In a separate Order, Plaintiff has been granted leave to proceed in forma pauperis.

## ANALYSIS

### A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff claims that Defendants, who are mostly state supreme court justices, violated his constitutional rights where they issued an August 27, 2008 decision, as explained above.  Plaintiff seeks money damages and to be removed from "unlawful CDC&R custody/jurisdiction."  (Compl. at 4.)

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. 1983).  Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Accordingly, Plaintiff's claim involving monetary damages against Defendants George, Kennard, Baxter, Werdegar, Chin, Moreno and Corrigan are DISMISSED.

Plaintiff alleges that Defendant Ohlrich, the California Supreme Court Chief Clerk, also violated his constitutional rights, presumably by filing the August 27, 2008 decision.  Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.  Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980); see also Sharma v. Stevas, 790 F.2d 486, 486 (9th Cir. 1986).  As long as the challenged activities are an integral part of the judicial process and are not in clear absence of all jurisdiction, the clerk enjoys absolute quasi-judicial immunity.  See Mullis v. United States Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks who erred in failing to carry out their duties acted within general subject matter jurisdiction of their positions and consequently qualified for quasi-judicial immunity).  Accordingly, Plaintiff's claim involving monetary damages against Defendant Ohlright is also DISMISSED.

As to Plaintiff's remaining claim for relief in the form of his release from state custody, the Court finds that he has improperly filed this claim in a civil rights action.  Traditionally, challenges to prison conditions have been cognizable by way of a § 1983 action, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).  Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.

3

Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, Plaintiff seeks to be "removed" from "unlawful" custody, thus he attacks the duration of his confinement. When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in having the duration of his sentence changed in another forum; i.e., by succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under section 1983.

Accordingly, the remaining claim for relief in the form of his release from custody is DISMISSED without prejudice to raising it in a petition for writ of habeas corpus.

## **CONCLUSION**

For the reasons set out above, this action is DISMISSED. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case

The Clerk of the Court shall terminate all pending motions as moot and close the file.

This Order terminates Docket nos. 8 and 9.

G:\PRO-SE\SBA\CR.10\Evans4778.Dismiss(judges).wpd                 4

IT IS SO ORDERED.

DATED: 4/20/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES EVANS JR.,

   Plaintiff,

v.

CALIFORNIA SUPREME COURT et al,

   Defendant.

Case Number: CV10-04778 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Evans F-06497
California State Prison - Corcoran
P.O. Box 8800
Corcoran, CA 93212

Dated: April 25, 2011

      Richard W. Wieking, Clerk
      By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Evans4778.Dismiss(judges).wpd